# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

S. MOHAMED,

Plaintiff,

v.

ROBERT C. ROBBINS, President
University of Arizona; and UNIV.
ARIZONA,

Defendants.

Case No. 21-CV-1158 (PJS/TNL)

**ORDER**

The Court previously ordered plaintiff S. Mohamed to show cause why this matter — which raises a defamation claim against the University of Arizona and the president of that school for communications made to law enforcement about Mohamed several years ago — should not be dismissed for either having been filed in the wrong venue, *see* 28 U.S.C. § 1391(b); 28 U.S.C. § 1406(a), or as barred by the relevant statute of limitations. *See* ECF No. 3 (order to show cause). Mohamed has now submitted his response to the Court's order to show cause. *See* ECF No. 5. Because that response is unconvincing, this matter will be dismissed without prejudice pursuant to § 1406(a).

Section 1391(b) provides that

[a] civil action may be brought in —

1

>   (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

As the Court explained in its prior order, this action fits none of those requirements. Neither of the defendants was alleged by Mohamed to be a resident of Minnesota, and none of the events at issue in this litigation were alleged to have taken place in Minnesota. The only connection of this District to this litigation was that Mohamed currently resides in Minnesota, though even this was not true at the time of the events at issue. The plaintiff's current state of residency, however, is not a factor in determining venue under § 1391(b).

Mohamed proffers several arguments why, despite the plain language of § 1391(b), this District is an appropriate venue for his lawsuit. None of those arguments withstands scrutiny.

First, Mohamed argues that the allegedly defamatory statements of the defendants resulted in his incarceration, which in turn resulted in the deprivation of his

federal constitutional rights, giving the Court subject-matter jurisdiction over this matter under 28 U.S.C. § 1331. But the subject-matter jurisdiction of the Court is not at issue; the parties are alleged to be of diverse citizenship and more than $75,000 is at stake in the lawsuit, which means that 28 U.S.C. § 1332(a) provides a basis for subject-matter jurisdiction even if § 1331 does not. What is instead at issue is *where* Mohamed may bring his litigation. And whether the claim raised in the complaint is interpreted as arising under state law or federal law, that claim must be brought in a venue as determined by § 1391(b). Mohamed's recasting of his defamation claim as a claim brought under 42 U.S.C. § 1983 does not change the state of the defendants' residency or alter where the events at issue in this litigation occurred.

Second, Mohamed argues that the Court has personal jurisdiction over the defendants because the University of Arizona recruits students from Minnesota and conducts other business in Minnesota. Whether the Court has personal jurisdiction over the defendants is relevant to determining the appropriate venue only "if there is no district in which an action may otherwise be brought." 28 U.S.C. § 1391(b)(3). There is no reason to believe that this action could not have been appropriately brought (for purposes of § 1391(b)) in another district, such as the United States District Court for the District of Arizona. Mohamed therefore cannot rely upon § 1391(b)(3) in establishing this District as an appropriate venue.

3

Third, Mohamed argues that he should nevertheless be allowed to proceed in the District of Minnesota because this District is a substantially more convenient place for him to conduct litigation than anywhere else, while any added burden upon defendants from litigating in Minnesota would be comparatively slight.  As an initial matter, the Court questions the premise of Mohamed's argument that the balance of conveniences favors Minnesota:  Defendants appear to have few (if any) connections to Minnesota, and Mohamed, who is currently detained pending removal proceedings, will almost certainly be conducting this litigation through the mail regardless of where the lawsuit is brought, making the physical locus of the proceedings relatively inconsequential for him.  Leaving that aside, however, the convenience of the parties and witnesses is a factor only in deciding between venues that are otherwise appropriate.  *See* 28 U.S.C. § 1404(a).  The convenience to a plaintiff of a particular forum does not by itself render that forum an appropriate venue under § 1391(b).

Because this District is not an appropriate venue, the Court has discretion either "to dismiss, or if it be in the interest of justice, [to] transfer" this matter to another District.  28 U.S.C. § 1406(a).  Mohamed urges that, should the Court conclude (as it has) that this venue is inappropriate, this matter be transferred to another district.  The Court declines to do so.  As explained in the prior order to show cause, this action, apart from being brought in the wrong place, also appears to be untimely.  Mohamed's attempt to recast his defamation claim as a matter of federal law does not change that

4

fact. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) ("In Arizona, the courts apply a two-year statute of limitations to § 1983 claims."). Nor does Mohamed's suggestion — belied by his vigorous prosecution of multiple proceedings in this District over the past year — that he was entirely incapable of pressing his claims any sooner than he has due to his ongoing detention. Judicial economy, far from being improved, would almost certainly be impeded by the transfer of this case merely to be dismissed elsewhere. In any event, a dismissal under § 1406(a) must be without prejudice. *See In re Hall, Bayoutree Associates, Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991). Nothing in this order prohibits Mohamed from pressing his claims in a more appropriate venue.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1406(a).

2. The applications to proceed *in forma pauperis* of plaintiff S. Mohamed [ECF Nos. 2 & 4] are DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 17, 2021              s/Patrick J. Schiltz_____
                                  Patrick J. Schiltz
                                  United States District Judge